IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Olandio Ray Workman, | ) |
|                Plaintiff, | )   Civil Action No. 6:17-972-RBH-KFM |
| vs. | )   **REPORT OF MAGISTRATE JUDGE** |
| Bill M., Montre Jeter, Caleb Davis, Chris Mattern, Tee Brokiskie, Michael Compos, John NLN, and Engineered Product Corporation Co., | ) |
|                Defendants. | ) |

This matter is before the court on defendant Engineered Products, LLC's ("Engineered Products")[1] motion to dismiss (doc. 26). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and submit findings and recommendations to the district court.

## PROCEDURAL HISTORY

In his complaint, the plaintiff alleges unlawful employment discrimination (doc. 1).[2] The plaintiff alleges that he worked for the defendant until his termination on June 29, 2016 (doc. 1-2 at 3). The plaintiff, who is proceeding *pro se*, seeks relief against the defendants pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII); the Americans with Disabilities Act ("ADA"); the Age Discrimination in Employment Act

---

[1] This defendant is improperly identified as Engineered Product Corporation Co.

[2] The plaintiff's claims against the defendants in the instant case were originally part of a separate action filed by the plaintiff in this court on December 27, 2016, *Workman v. Manigault*, C.A. No. 6:16-4002-RBH. On April 13, 2017, the Honorable R. Bryan Harwell, United States District Judge, issued an order in that case granting the plaintiff's motion to divide the case into two separate actions (*see Workman v. Manigault*, C.A. No. 6:16-4002-RBH, doc. 22). As a result, the complaint in this case was filed by the Clerk of Court on April 13, 2017 (*see* doc. 1).

("ADEA"); the Genetic Information Nondiscrimination Act ("GINA"); and 42 U.S.C. § 1983. Following initial review of the plaintiff's complaint, the undersigned recommended that the district court dismiss the individual defendants (Bill M., Montre Jeter, Caleb Davis, Chris Mattern, Tee Brokiskie, Michael Compos, and John NLN) from this action *without prejudice* and without issuance and service of process (doc. 19). That recommendation is currently pending before the district court.

The undersigned authorized service of process against defendant Engineered Products (docs. 17, 19), and this defendant was served with a copy of the complaint by the United States Marshals Service on June 28, 2017 (doc. 25). Defendant Engineered Products filed the instant motion to dismiss for failure to state a claim on July 19, 2017 (doc. 26). On July 20, 2017, by order of this court filed pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment and motion to dismiss procedures and the possible consequences if he failed to respond adequately to the defendant's motion (doc. 27). The plaintiff filed his response in opposition to the motion to dismiss on July 27, 2017 (doc. 29).

## **FACTS PRESENTED**

The plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against defendant Engineered Products on July 8, 2016 (doc. 26-1; *see* doc. 1-4 at 5). In the charge, the plaintiff checked boxes stating that the alleged discrimination was based upon his race and retaliation (doc. 26-1). Specifically, the plaintiff alleged that on June 23, 2016, a supervisor and co-worker requested that he "forge time" for them, which he refused to do (*id.*). He claimed that after refusing to do so, he was harassed, threatened, and called a racial expletive (*id.*). He further claimed that his voicemails to his supervisor were not returned (*id.*). The plaintiff further alleged that, on June 29, 2016, he was required to work with an employee who was a known drug user, and, when he "expressed [his] concern" to management, he was told to do it or go home (*id.*). He alleged that the employee called him a racially derogatory term and threatened him, and, when he told a supervisor about it, he was given permission to leave work (*id.*).

2

The plaintiff alleged that he was thereafter notified of his discharge, without explanation, on June 30, 2016 (*id.*).

After concluding its investigation, the EEOC determined that it was "unable to conclude that the information obtained establishes violations of the statutes" and issued a dismissal and notice of rights to the plaintiff informing him of his right to file a lawsuit (doc. 26-2). The notice was mailed to the plaintiff on September 2, 2016 (*id.*). The plaintiff states in his complaint that he received the notice on September 25, 2016 (doc. 1-4 at 5).

## **APPLICABLE LAW AND ANALYSIS**

Defendant Engineered Products has moved for dismissal of the plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of a claim. A failure by the plaintiff to exhaust administrative remedies deprives the court of subject matter jurisdiction. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300-301 (4th Cir. 2009)

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 569). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The court must liberally construe *pro se* complaints to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and such *pro se* complaints are held to a less

3

stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). The court may consider such a document, even if it is not attached to the complaint, if the document "was integral to and explicitly relied on in the complaint," and there is no authenticity challenge. *Id*. at 448 (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). *See Pierce v. Office Depot*, C.A. No. 0:13-cv-3601, 2014 WL 6473630, at *5 (D.S.C. Nov. 18, 2014) ("[A] court may consider an EEOC charge and other EEOC documentation when considering a motion to dismiss because such documents are integral to the complaint as Plaintiff necessarily relies on these documents . . . ." (internal citations and quotations omitted)); *Int'l Ass'n of Machinists & Aerospace Workers v. Haley*, 832 F. Supp. 2d 612, 622 (D.S.C. 2011) ("In evaluating a motion to dismiss under Rule 12(b)(6), the Court . . . may also 'consider documents attached to . . . the motion to dismiss, so long as they are integral to the complaint and authentic.'") (quoting *Sec'y of State for Def. v. Trimble Navigation Ltd*., 484 F.3d 700, 705 (4th Cir. 2007)).

***Title VII Race and Retaliation Claims***

As noted above, in his charge of discrimination, the plaintiff alleged only race discrimination and retaliation, and he also alleges Title VII race discrimination and retaliation in his complaint. Defendant Engineered Products argues that these claims should be dismissed as they are time-barred. The undersigned agrees.

Under Title VII, a claimant must file a civil action within 90 days of the date of his receipt of a duly issued notice of right to sue from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1); *see also Watts–Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993) ("Title VII plaintiffs have a ninety-day period in which to file their claims after the EEOC has given them a right-to-sue letter." (citing 42 U.S.C. § 2000e–5(f)(1)). If suit is not brought within the statutory time period, the case is subject to dismissal. *See Harper v.*

*Burgess*, 701 F.2d 29, 30 (4th Cir. 1983) (affirming dismissal of a lawsuit brought pursuant to Title VII because the plaintiff did not file suit within the 90-day limitation period required by 42 U.S.C. § 2000e-5(f)).

*Pro se* litigants are not exempt from this statutory requirement. *See, e.g., Anderson v. Greenville Health Sys.*, C.A. No. 6:16-01051-MGL, 2016 WL 6405751, at *2 (D.S.C. Oct. 31, 2016) (dismissing a *pro se* plaintiff's complaint as untimely and rejecting the plaintiff's request for equitable tolling to relieve the "strict application" of the limitations period). The United States Supreme Court has emphasized the importance of adhering to this time period, stating that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants . . . ." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).

The notice of right to sue informed the plaintiff that he was required to commence his Title VII claim within 90 days of his receipt of the notice or he would lose that right (doc. 26-2, notice of right to sue). More specifically, the notice states: "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost" (*id.* (emphasis in original)).

The Fourth Circuit has held that for purposes of Title VII's 90-day limitation period, the date of a plaintiff's "receipt" of his notice of right to sue is determined by delivery of the notice, not actual receipt by the plaintiff. *Watts-Means*, 7 F.3d at 42 (holding that "receipt" of a right to sue letter occurred upon delivery of the right to sue letter to a post office box, not upon plaintiff's retrieval of the letter from the post office box); *see also Harvey v. City of New Bern Police Dept.*, 813 F.2d 652, 654 (4th Cir.1987) (holding that delivery of notice to plaintiff's home triggered limitations period even if plaintiff did not actually receive the notice on that date); *Wiseman v. Amcor Rigid Plastics, USA*, C.A. No. 3:11-2478-CMC-PJG, 2012 WL 1203616, at *2 (D.S.C. Apr. 11, 2012) (dismissing plaintiff's Title VII claim as time-barred when the plaintiff contended that his temporary relocation delayed his actual receipt of his notice of right to sue).

The plaintiff alleges that he actually received the notice of right to sue on September 25, 2016 (doc. 1-4 at 5). However, as noted above, the date of a plaintiff's receipt of his notice is determined by the delivery date and not actual receipt by the plaintiff. Further, defendant Engineered Products disputes this date because the plaintiff was arrested on September 24th and remained in the Greenville County Detention Center on September 25th (doc. 26-3, det. ctr. record).[3] "When the actual date of the plaintiff's receipt of notice is unknown or in dispute, the court presumes receipt three days after mailing." *Dunbar v. Food Lion*, 542 F.Supp.2d 448, 450–51 (D.S.C.2008) (citation omitted). *See also Ish v. Arlington Cnty. Va.*, C.A. No. 90-2433, 1990 WL 180127, at *2 (4th Cir. Nov. 21, 1990) (holding that, under what is now Fed. R. Civ. P. 6(d), if the date of receipt of the right to sue notice is unknown or disputed, the 90-day period begins to run three days after the mailing date); *Wiseman*, 2012 WL 1203616, at *3 n.1 (same).

The EEOC mailed the notice of right to sue to the plaintiff on September 2, 2016 (doc. 26-2, notice of right to sue). Because the exact delivery date to the plaintiff is in dispute, and due to the intervening Labor Day holiday on September 5, 2016, the court must presume that the notice was delivered to the plaintiff's home by September 6, 2016. Accordingly, the plaintiff was required to commence any Title VII lawsuit based on the claims in the charge within 90 days of September 6, 2016. Thus, the 90-day period expired on December 5, 2016.

Here, the plaintiff is entitled to the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to district court).[4] The earliest possible date the plaintiff could have delivered his complaint to detention center employees for mailing is December 21, 2016, the date on

---

[3] The court may take judicial notice of this public record in the context of a Rule 12(b)(6) motion to dismiss. *See, e.g., Barnard v. Durham*, C.A. No. 6:03-3321-20BI, 2003 WL 23851078, at *2 n.1 (D.S.C. Nov. 24, 2003) (taking judicial notice of an inmate record).

[4] The plaintiff was in the detention center at the time of the filing of the complaint in *Workman v. Manigault*, C.A. No. 6:16-4002-RBH, from which the claims against the defendants in the instant case were severed.

6

which he signed his complaint (doc. 1 at 8).  Accordingly, the plaintiff's race discrimination and retaliation claims under Title VII were filed over two weeks after the limitations period ended.

Although the requirement in Title VII that "suits be filed within 90 days of receiving a notice of right to sue from the [EEOC may] be subject to tolling in appropriate circumstances," *Office of Pers. Mgmt. Richmond*, 496 U.S. 414, 439 (1983), "[f]ederal courts have typically extended equitable [tolling] only sparingly," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  In his response to the motion to dismiss (doc. 29), the plaintiff does not address the defendant's argument that his claims are time-barred, and he has failed to show that he is entitled to equitable tolling.

Based upon the foregoing, the plaintiff's Title VII race discrimination and retaliation claims against Engineered Products are time-barred and should be dismissed as a matter of law pursuant to Rule 12(b)(6).

### *Sexual Harassment, ADA, ADEA, and GINA Claims*

Defendant Engineered Products further argues that the plaintiff's claims of Title VII sexual harassment and violations of the ADA, ADEA, and GINA should be dismissed pursuant to Rule 12(b)(1) because they were not alleged in his EEOC charge.  The undersigned agrees.  "[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim.  The same is  true of claims made under the ADEA." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300-301 (4th Cir. 2009) (citation omitted).  Similarly, before filing suit under the ADA, a plaintiff must exhaust his administrative remedies by bringing a charge with the EEOC. *See* 42 U.S.C. § 12117(a) (indicating that the procedures of the ADA are identical to those provided in Title VII).  Further, GINA's remedies section incorporates the exhaustion provisions of Title VII. 42 U.S.C. § 2000ff–6(1)(a) (incorporating "[t]he powers, procedures, and remedies provided in" the enforcement and remedies provisions of Title VII); *See Ellie v. Sprint*, C.A. No. TDC–15–0881, 2015 WL 5923364, at *1 (D.Md. Oct.7, 2015) (applying the exhaustion requirement to a GINA claim).

Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. *See Chacko v. Patuxent*, 429 F.3d 505, 506 (4th Cir.2005) (holding that a plaintiff fails to exhaust her administrative remedies where her "administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in [her] formal lawsuit"). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 273 (8th Cir.1994) (internal quotation marks and citation omitted). In determining whether the exhaustion requirement has been met in any individual case, a court must endeavor to "strike a balance between providing notice to employers and the EEOC on the one hand and ensuring plaintiffs are not tripped up over technicalities on the other." *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012).

In his response in opposition to the motion to dismiss, the plaintiff argues only that the court should liberally construe his complaint because he is proceeding *pro se* and allow him to "correct deficiencies [by] amendment" (doc. 29). However, amendment of the plaintiff's complaint will not cure the deficiency of failure to exhaust his administrative remedies. Nothing in the plaintiff's charge references or arguably identifies a sexual harassment, ADA, ADEA, or GINA claim (doc. 26-1, EEOC charge). In his charge, the plaintiff makes no mention whatsoever of alleged sexual harassment, his age, an alleged disability, or any genetic information (*see id.*). Rather, the charge focuses entirely on the plaintiff's claim that he was unlawfully discriminated against because of his race and retaliated against in violation of Title VII (*id.*). Further, the plaintiff checked the charge's boxes for "Race" and "Retaliation"; however, he did not check the charge's boxes for "Sex," "Age," "Disability," or "Genetic Information" (*id.*).

"[F]actual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Chacko,* 429 F.3d at 509 (4th Cir. 2005). As argued by the defendant, the plaintiff cannot now attempt to expand the scope of his charge with entirely new claims and allegations because the charge "frames the scope of future litigation." *Id*. *See Moyer v. SCANA Corp*., C.A. No. 3:13-cv-3127-CMC-WWD, 2014 WL 4536356, at *5–6 (D.S.C. Sept. 10, 2014) (dismissing plaintiff's claims asserted in litigation that were not alleged in her charge of discrimination).

Because the plaintiff failed to exhaust his administrative remedies prior to filing his Title VII sexual harassment, ADA, ADEA, and GINA claims, those claims should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

### *Section 1983 Claim*

Lastly, defendant Engineered Products, which is a privately owned company, argues that the plaintiff has failed to state a claim under 42 U.S.C. § 1983 because the plaintiff has made no allegation that it acted under color of state law. In order to state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that he was deprived of a right secured by the Constitution or the laws of the United States; and (2) that the alleged deprivation was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). In his response to the motion to dismiss, the plaintiff states that the Section 1983 claim should not have been filed in this lawsuit and requests that the court "stri[ke] it off this suit" (doc. 29). Accordingly, the Section 1983 claim against this defendant should be dismissed.

### **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that defendant Engineered Products' motion to dismiss (doc. 26) be granted.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

August 29, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).