UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Olandio Ray Workman, | Civil Action No.: 6:17-cv-00972-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Bill M., Montre Jeter, Caleb Davis, Chris Mattern, Tee Brokiskie, Michael Compos, John NLN, and Engineered Product Corporation, Co., | |
| Defendants. | |

This matter is before the Court for consideration of Plaintiff's objections to the two Reports and Recommendations ("R & R") of United States Magistrate Judge Kevin F. McDonald.[1] *See* ECF Nos. 19, 23, 31, & 33.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] The Magistrate Judge issued the R & Rs in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion[2]

Plaintiff sues eight defendants[3] alleging unlawful employment discrimination. The Magistrate Judge has issued two separate R & Rs, and Plaintiff has filed objections to each. *See* ECF Nos. 19, 23, 31, & 33.

**I.      First R & R (Defendants Bill M., Jeter, Davis, Mattern, Brokiskie, Compos, & John NLN)**

In the first R & R, the Magistrate Judge recommends summarily dismissing Defendants Bill M., Montre Jeter, Caleb Davis, Chris Mattern, Tee Brokiskie, Michael Compos, and John NLN because Plaintiff fails to state a claim against them. *See* ECF No. 19; *see generally* 28 U.S.C. § 1915(e)(2)(B)(ii) (authorizing a district court to summarily dismiss a case at any time if the court determines the action "fails to state a claim on which relief may be granted"). Specifically, the Magistrate Judge concludes Plaintiff cannot sue these individual defendants under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), or 42 U.S.C. § 1983. ECF No. 19 at p. 4 & n.1.

---

[2]   The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3]   The Magistrate Judge authorized partial service of process as to Defendant Engineered Products, LLC (which is improperly identified in Plaintiff's complaint as "Engineered Product Corporation, Co."). *See* ECF No. 17.

2

Although Plaintiff has filed objections to the first R & R, *see* ECF No. 23, he fails to specifically object to the Magistrate Judge's proposed finding that the above seven defendants cannot be sued under Title VII, the ADEA, or § 1983.[4] Accordingly, the Court has reviewed the first R & R for clear error and found none, and will therefore adopt it and summarily dismiss these defendants. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199–200.

## II. Second R & R (Defendant Engineered Products, LLC)

In the second R & R, the Magistrate Judge recommends granting the motion to dismiss filed by Defendant Engineered Products, LLC. *See* ECF Nos. 26 & 31. Specifically, the Magistrate Judge concludes: (1) Plaintiff's Title VII race discrimination and retaliation claims are time-barred, not subject to equitable tolling, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6); (2) Plaintiff's Title VII sexual harassment claim and his claims under the ADEA, Americans with Disabilities Act ("ADA"), and Genetic Information Nondiscrimination Act ("GINA") should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because they were not alleged in the charge he filed with the Equal Employment Opportunity Commission ("EEOC"); and (3) Plaintiff's § 1983 claim should be dismissed because Plaintiff represents that this claim should not have been filed in this case. *See* ECF No. 31 at pp. 4–9.

Plaintiff has filed objections to the second R & R, but his only specific objection[5] is to the

---

[4] Instead, Plaintiff simply restates the types of claims—"discrimination," "discharge," "retaliation," and "harassment"—he wishes to bring against the seven individual defendants. *See* ECF No. 23.

[5] The remainder of Plaintiff's objections consist of a rehashing of his factual allegations and various legal summaries. *See* ECF No. 33 at pp. 2–5.

3

Magistrate Judge's finding that Plaintiff is not entitled to equitable tolling.[6]  *See* ECF No. 33 at pp. 1–2. The Magistrate Judge has determined that Plaintiff filed an EEOC charge on July 8, 2016; that the EEOC mailed Plaintiff a notice of right to sue on September 2, 2016; that receipt presumptively occurred by September 6, 2016; that the ninety-day limitation period expired on December 5, 2016; and that the earliest possible date Plaintiff could have filed his complaint was December 21, 2016, over two weeks after the limitation period ended[7]—notably, Plaintiff does not object to any of these findings. *See* ECF No. 31 at pp. 2–3, 6.  Instead, he simply objects to the Magistrate Judge's conclusion that equitable tolling is not warranted.  *See* ECF No. 33 at p. 1.

A Title VII plaintiff has ninety days to file suit after the EEOC has given him notice of the right to sue.  42 U.S.C. § 2000e–5(f)(1); *see Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993).  "[T]he statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling," but "[f]ederal courts have typically extended equitable relief only sparingly."  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95, 96 (1990).  Equitable tolling is appropriate when "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."  *Id.* at 96 (internal footnote omitted).  It might

---

[6] The Magistrate Judge correctly notes Plaintiff fails to address equitable tolling in his response in opposition to Defendant Engineered Products' motion.  *See* ECF No. 29.  However, the Court will address Plaintiff's equitable tolling argument in light of its duty to consider all arguments, even those not presented to the Magistrate Judge.  *See Samples v. Ballard*, 860 F.3d 266, 272 (4th Cir. 2017) ("[A]s part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." (emphases removed) (quoting *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992))).

[7] The Fourth Circuit has found equitable tolling was not warranted in shorter time contexts.  *See, e.g.*, *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 41–42 (4th Cir. 1993) (no equitable tolling when the plaintiff filed her complaint four days after the ninety-day limitation period); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (no equitable tolling when the complaint was filed one day after the limitation period).

also be justified where "a claimant has received inadequate notice, or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or where the court has led the plaintiff to believe that she had done everything required of her[.]" *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (internal citations omitted) (citing, in dicta, various circuit court decisions).

In his objections, Plaintiff asserts equitable tolling is appropriate because he has been confined in a jail without a law library, has "no prior lawyer schooling," only has a tenth-grade education, does not have a lawyer, and "never filed legal paperwork till the day [he] turn[ed] in the following suit."[8] ECF No. 33 at p. 1. These assertions are not a basis for equitable tolling. *See, e.g.*, *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding equitable tolling was not warranted in an employment case due to "a plaintiff's unfamiliarity with the legal process[,] his lack of representation during the applicable filing period," and his "illiteracy"). Significantly, Plaintiff admits in his objections that he "had a copy of the EEOC right to sue form," which specifically informed him on two pages in conspicuous font that "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost," and that "you must file a lawsuit against the respondent(s)[9] named in the charge **within 90 days of the date you *receive* this Notice**." ECF No. 26-2 at pp. 2–3 (emphases in original). *See, e.g.*, *Baldwin Cty.*, 466 U.S. at 151 (finding equitable tolling was inappropriate in part because "[t]he right-to-sue letter itself stated that [the plaintiff] had the right to sue within 90 days"); *McCorkle v. BEB Wright*, 2017 WL 3594256, at *2 (E.D.N.C. Aug. 21,

---

[8] Plaintiff also alludes to the fact that the Court denied his motion to appoint counsel in the case from which the instant action was severed, *see* Civ. No. 6:16-cv-04002-RBH-KFM, at ECF Nos. 12 & 22 (D.S.C.), but Plaintiff did not file the motion to appoint counsel until January 24, 2017—over a month after the ninety-day limitation period had already expired. Thus, the motion was not pending during the limitation period. *Cf. Baldwin Cty.*, *supra*.

[9] The EEOC charge lists the respondent's name as "Engineered Products." *See* ECF No. 26-1 at p. 2.

5

2017) (same). On these facts, the Court finds equitable tolling is not warranted.

In sum, Plaintiff did not file his complaint within the ninety-day limitation period, and he has not demonstrated extraordinary circumstances that warrant equitable tolling. Consequently, his Title VII race discrimination and retaliations claims are barred as untimely and must be dismissed.

## Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objections and adopts and incorporates by reference the Magistrate Judge's two R & Rs [ECF Nos. 19 & 31]. The Court **SUMMARILY DISMISSES** Defendants Bill M., Montre Jeter, Caleb Davis, Chris Mattern, Tee Brokiskie, Michael Compos, and John NLN *without prejudice and without issuance and service of process*. The Court **GRANTS** the motion to dismiss [ECF No. 26] filed by Defendant Engineered Products and **DISMISSES** this defendant *without prejudice*.[10]

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
October 26, 2017  R. Bryan Harwell
  United States District Judge

---

[10] In the Court's view, Plaintiff cannot cure the defects in his complaint by amending it. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give Plaintiff leave to amend.